FUSCO v. GREAT ATLANTIC & PACIFIC TEA CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9182. Decided Oct. 22, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**
(590 E3h) Admission in evidence, for purpose of impeachment only, of statement signed by witness, held not error notwithstanding statement was written in English language, which witness did not understand, there being no proof that interpretation was correctly given.

**AUTOMOBILES.**
(50 A2b2) Failure to charge sections of General Code which, in substance, provide manner in which motor vehicles shall be driven and operated, after these sections were called to court's attention, held not error.

Error to Common Pleas.

Judgment affirmed.

Nicola & Horn, Cleveland, for Fusco.
Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for A. & P. Tea Co.

STATEMENT OF FACTS.

This cause was tried to a jury in the Common Pleas Court of Cuyahoga County, upon a petition alleging that plaintiff in error was injured because of the negligence of defendant in error, in various respects, and after a full hearing a judgment was returned in favor of defendant in error.

PER CURIAM.

Various assignments of error are set forth as grounds for reversal. The claim that the judgment is manifestly against the weight of the evidence is not, in our judgment, sustained by the record, because the record presents a conflict in the evidence, on the question of negligence of defendant, and we would not be authorized to disturb the verdict on that ground.

It is claimed that there was error in the admission of evidence, in that the court permitted a certain statement purported to have been signed by one of the witnesses for plaintiff, to be introduced in evidence as an exhibit, in view of the testimony of said witness that he does not understand the English language and that the contents thereof were interpreted to him by someone else, without proof that the interpretation was correctly given. It will be seen upon an examination of the record, that the statement referred to was used in connection with the cross-examination of the plaintiff's witness, by way of impeachment or contradiction of the statement which he was giving on the witness stand.

In our opinion, counsel for defendant was justified, on cross-examination, to refer to a signed statement and once having established that the witness signed the same, it is for the jury to determine whether the explanation he gave as to the circumstances surrounding his signing of the statement, is a satisfactory explanation, and the jury may refuse to believe the explanation. At any rate it does not affect the admissibility of the statement which was offered only by way of impeachment of the witness.

It is claimed that the court erred in not charging certain sections of the Code, which in substance provide the manner in which motor vehicles shall be driven, and operated, after these sections were called to the court's attention.

It is found, however, on an examination of the charge, that the Court referred to the specifications of negligence contained in the petition, and expressly charged the jury that if the plaintiff substantiated all or either of these specifications of negligence, by a preponderance of the evidence, that a liability would devolve upon the defendant for the injuries sustained by the plaintiff. These sections of the code referred to, impose upon drivers of motor vehicles, the duty of exercising ordinary care under the circumstances. It would, in our opinion, be confusing were the trial court required to say to the jury that if the jury found that the defendant violated these sections of the code which require on the part of the driver of the motor vehicle, the exercise of ordinary care under the circumstances, that such violation of the law constitutes negligence per se.

No prejudice whatsoever could be deemed to have resulted from the language which the court did use in its charge, namely, that a failure to exercise ordinary care constitutes negligence on the part of defendant.

On an examination of the record we are of the opinion that the issues were fairly submitted to the jury and we see no reason for disturbing its verdict, and the judgment of the Common Pleas Court will therefore be affirmed. (Sullivan, PJ., Vickery and Levine, JJ., concur.)